FILED
2012 OCT 24  PM 3:30
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates LLC
3  6404 Merlin Drive
   Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT 06905
8  Telephone: (203) 653-2250
   Facsimile: (203) 653-3424

12-cv-01846

10 Attorneys for Plaintiff,
   Alena Lewis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

ED CV 12 - 01846 TJH
(DTBx)

| Alena Lewis, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ; |
| Milestone Law Group; and DOES 1-10, inclusive, | 2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ. |
| Defendants. | **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Alena Lewis, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Alena Lewis (hereafter "Plaintiff"), is an adult individual residing at Manassas, Virginia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Milestone Law Group ("Milestone"), is a California business entity with an address of 9340 Santa Anita Avenue, Suite 104, Rancho Cucamonga California 91730, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Milestone and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Milestone at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $638.00 (the "Debt") to Shaw's Jewelers (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Milestone for collection, or Milestone was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Milestone Engages in Harassment and Abusive Tactics**

12. Within the last year, Defendants contacted Plaintiff in an attempt to collect the Debt.

13. Milestone contacted Plaintiff on August 9, 2012, and advised Plaintiff it was calling to confirm her address to serve court papers for a lawsuit. Milestone informed Plaintiff that she had to call Defendants back at the number provided to confirm her correct address.

14. At the time, Plaintiff was not aware of any lawsuit that was being brought against her.

15. When Plaintiff called Milestone later that day, Defendants informed Plaintiff that although the balance of the Debt was approximately $638.00, she owed $2,829.00 due to court costs and attorney's fees.

16. Milestone told Plaintiff that if she paid $1,942.24 towards the Debt by the following morning, they would stop the lawsuit against her.

17. Milestone threatened Plaintiff that if she did not pay by the following morning, they would charge her with fraud and "escalated grand theft" because the Creditor was a jeweler. Milestone led Plaintiff to believe that her arrest and incarceration was imminent unless payment was immediately forthcoming.

18. Milestone threatened Plaintiff that it would garnish 25% of her wages unless the Debt was immediately paid.

19. Milestone threatened that it would seize Plaintiff's assets to satisfy the Debt unless the Debt was immediately paid.

20. Based upon Milestone's threats and fear of incarceration, Plaintiff felt coerced to make a payment of $1,000.00 towards the Debt with her fiancé's credit card.

21. The following day, Plaintiff contacted Milestone to place a stop payment on the aforementioned credit card, however, Milestone refused to return the funds.

22. Defendants' misrepresentations and threats to Plaintiff was extremely distressing and caused Plaintiff a great deal of worry and emotional anguish. Plaintiff felt bullied and oppressed, and to this day remains distressed from the discussions with Milestone.

23. Milestone informed Plaintiff that they had sent written validation of the Debt to Plaintiff. Milestone advised Plaintiff it had sent correspondence to Plaintiff's former address, where she has not resided in over a year and a half.

24. Despite receiving Plaintiff's current address, Milestone did not send Plaintiff notification of her rights as required by law.

C. **Plaintiff Suffered Actual Damages**

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

29. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

30. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

31. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

32. The Defendants threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

33. The Defendants threatened the Plaintiff with seizure of her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

34. The Defendants informed Plaintiff that it had taken legal action, without having done so, in violation of 15 U.S.C. § 1692e(5).

35. The Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff, in violation of 15 U.S.C. § 1692e(7).

36. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

37. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

38. The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

39. The Defendants threatened to unlawfully repossess or disable the Plaintiff's property, in violation of 15 U.S.C. § 1692f(6).

40. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

41. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

42. The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, Cal. Civ. Code § 1788 et seq.**

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

45. Milestone Law Group, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

46. The Defendants threatened the Plaintiff with accusations of criminal conduct if the Plaintiff did not pay the debt, in violation of Cal. Civ. Code § 1788.10(b).

47. The Defendants threatened the Plaintiff with arrest if the debt was not paid, in violation of Cal. Civ. Code § 1788.10(e).

48. The Defendants threatened the Plaintiff with seizure of his property if the debt was not paid, without intending to take such action, in violation of Cal. Civ. Code § 1788.10(e).

49. The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

50. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

51. The Defendants falsely represented that the Plaintiff's debt would be increased by the addition of attorney's fees, investigation fees, service fees, finance charges or other charges, when the charges could not be legally added to the debt, in violation of Cal. Civ. Code § 1788.13(e).

52. The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

53. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

54. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

56. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond

all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

57. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of California.

58. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

59. Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

60. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

61. Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of California.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 18, 2012        TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates
Attorney for Plaintiff, Alena Lewis